# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHARLES W. THRASH,            )
            Plaintiff,        )        Case No. 2:13-cv-01216-MMD-CWH
                              )
vs.                           )        **ORDER**
                              )
TOWBIN MOTOR CARS,            )
            Defendant.        )
_____)

This matter is before the Court on Defendant's Motion to Stay (#10), filed on August 19, 2013. The Court also considered Plaintiff's Response (#11), filed on August 29, 2013, and Defendant's Reply (#12), filed on September 9, 2013. This matter is also before the Court on Plaintiff's Proposed Discovery Plan and Scheduling Order (#14), filed on November 6, 2013.

## DISCUSSION

Courts have broad discretionary power to control discovery including the decision to allow or deny discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). An overly lenient standard for granting a motion to stay would result in unnecessary delay in many cases. That discovery may involve inconvenience and expense is not sufficient to support a stay of discovery. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).[1] Rather, a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011); *see also Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (*per curiam*). Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id.* (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th

---

[1] As noted in *Tradebay*, "[t]he fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery." 278 F.R.D. at 603.

Cir.1975)).

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellercup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598 600-01 (C.D. Cal 1995) (finding that a stay of discovery is directly at odds with the need for expeditious resolution of litigation). Ordinarily a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery." *See Turner*, 175 F.R.D. at 555-56 (*quoting Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D.Nev. 1989)). To establish good cause for a stay, the moving party must show more than an apparently meritorious Rule 12(b)(6) motion. *Id*. Common examples of situations in which good cause has been found are when jurisdiction, venue, or immunity are preliminary issues. *Id*.

On the other hand, the Ninth Circuit has held that under certain circumstances, a district court abuses its discretion if it prevents a party from conducting discovery relevant to a potentially dispositive motion. *See, e.g., Alaska Cargo Transport, Inc. v. Alaska R.R., Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (stating the district court would have abused its discretion in staying discovery if the discovery was relevant to whether or not the court had subject matter jurisdiction); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (holding district court did not abuse its discretion in denying discovery when the complaint did not raise factual issues requiring discovery to resolve); *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975) (holding the propriety of a class action cannot be determined in some cases without discovery, and to deny discovery in such cases is an abuse of discretion); *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) (stating that the better and more advisable practice is for the district court to allow litigants an opportunity to present evidence concerning whether a class action is maintainable, and such an opportunity requires "enough discovery to obtain the material").

In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, this Court considers the goal of Federal Rule of Civil Procedure 1, which provides that the Rules shall "be construed and administered to secure the just, speedy, and inexpensive determination of every action." *Id.* Discovery is expensive. This Court is persuaded that the standard enunciated by Judges Reed and Hunt in *Twin City*, 124 F.R.D. 652, and *Turner*,

175 F.R.D. 554, should apply in evaluating whether a stay of discovery is appropriate while a dispositive motion is pending. With Rule 1 as its prime directive, this court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case.

The Court finds that the Defendant has made the strong showing necessary to support the requested stay. The issues before the Court in the pending dispositive motion do not require further discovery and are potentially dispositive of the entire case. Indeed, Defendant stresses the importance of the question of whether this matter should be submitted to binding arbitration at the earliest possible stage in litigation to avoid expense. The Court finds that, similar to the situation in *Little v. City of Seattle*, 863 F.2d 681 (9th Cir. 1988), this is a case where a temporary stay of discovery will further the goals of judicial economy and control of the Court's docket. The Court notes that the Motion to Compel Arbitration and Motion to Stay is fully briefed. Neither party asserted the need for additional discovery prior to the Court's determination. Additionally, the Court has an interest in controlling its docket and finds that requiring the parties to commence with the discovery period is not warranted at this time.

Consequently, the Court will deny Plaintiff's Proposed Discovery Plan and Scheduling Order (#14) at this time. The Court notes that Plaintiff submitted the Plan in violation of Local Rule 26-1(d) that states, "the parties shall submit a stipulated discovery plan and scheduling order." However, Plaintiff explained that Defendant failed to participate in the submission because it wanted to wait for a determination on the Motion to Stay (#10). Accordingly, the Court finds that a stay of discovery pending a determination on Defendant's Motion to Compel Arbitration (#8) is warranted. Within ten days of the Court's decision on the Motion to Compel Arbitration (#8), the parties are required to submit a stipulated, proposed discovery plan and scheduling order to the court or a joint status reporting requesting a status conference for alternative relief.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant's Motion to Stay (#10) is **granted to the extent that a stay of discovery is enacted until a decision on the Motion to Compel Arbitration (#8) is issued**.

**IT IS FURTHER ORDERED** that Plaintiff's Proposed Discovery Plan and Scheduling Order (#14) is **denied**.

**IT IS FURTHER ORDERED** that the stay of discovery shall extend until a decision is issued on the Motion to Compel Arbitration (#8).  Within ten (10) days of the order, the parties shall submit a stipulated, proposed discovery plan and scheduling order or a joint status reporting requesting a status conference for alternative relief.

DATED this 7th day of November, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**