UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES W. THRASH, | Case No. 2:13-cv-01216-MMD-CWH |
| Plaintiff, | ORDER |
| v. | |
| TOWBIN MOTOR CARS, | |
| Defendant. | |

## I.   INTRODUCTION

Defendant in this employment dispute seeks to compel arbitration and stay proceedings. The Magistrate Judge granted a stay of discovery pending a disposition on Defendant's Motion to Compel Arbitration. (Dkt. no. 15.) The Court has reviewed the briefs relating to Defendant's Motion to Compel Arbitration (dkt. nos. 8, 11, 12) and finds good cause to grant Defendant's Motion. The Court does not find that Plaintiff acted in bad faith in refusing to stipulate to arbitration and therefore denies Defendant's request for an award of attorney's fees.

## II.   BACKGROUND

Plaintiff, an African American man over 40, was employed with Defendant as a Sales Person from February 2006 until June 2010. (Dkt. no. 1 at 3.) Plaintiff alleges that he suffered discrimination, harassment and retaliation during his employment and was forced to resign. He asserts three claims: (1) harassment based on his race and age; (2) retaliation; and (3) age discrimination.

In moving to compel arbitration, Defendant relies on three documents that Plaintiff signed that contain a provision requiring arbitration. When Plaintiff applied for employment, he was required to sign Defendant's "Applicant's Statement & Agreement" ("Application"). The Application contains a provision requiring "all disputes that may arise out of the employment context" to be submitted to binding arbitration. (Dkt. no. 8-1, Ex. 1.) During his new hire orientation, Plaintiff was given copies of Defendant's policies and procedures, an employee handbook and two other documents. The first document was an Employee Acknowledgment and Agreement ("Acknowledgment"), which is a copy of the acknowledgment page of the employee handbook. (*Id.*, Ex. 2.) The second was a document titled "Comprehensive Agreement Employment At-Will and Arbitration Agreement ("Agreement"). (*Id.*, Ex. 3.) The Acknowledgment and the Agreement contain a similar arbitration provision where Plaintiff acknowledged that Defendant "utilizes . . . binding arbitration to resolve all disputes that may arise out of the employment context" and he and Defendant agree that "any claims of discrimination and harassment . . . shall be submitted to and determined exclusively by binding arbitration." (*Id.*, Exs. 2, 3.) In response, Plaintiff argues that these three documents are not valid agreements to arbitrate and are unconscionable.

## III. DISCUSSION

The Ninth Circuit Court of Appeals recently reiterated that the Federal Arbitration Act "reflects 'an emphatic federal policy' in favor of arbitration." *Ferguson v. Corinthian Colleges, Inc.*, 733 F.3d 928, 932 (9th Cir. 2013) (*quoting Marmet Health Care Ctr. Inc. v. Brown*, 132 S. Ct. 1201, 1203 (2012)). Nevada also has a public policy favoring arbitration. *Gonski v. Second Jud. Dist. Ct.*, 245 P.3d 1164, 1169 (Nev. 2010). Under the FAA, an agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Plaintiff challenges the validity of the three agreements that Defendant relied upon to compel arbitration. Plaintiff also argues that the arbitration agreements are procedurally and substantively unconscionable and therefore unenforceable.

2

### A.    Agreements' Validity

Plaintiff argues that because Defendant relies on three separate "agreements," none of the agreements is valid. However, these agreements all contain a similar provision relating to arbitration and Plaintiff does not contend that they contain inconsistent or contradictory terms. The fact that they were signed at different times does not render the agreement that disputes arising out of Plaintiff's employment be submitted to binding arbitration invalid.

Plaintiff also challenges each agreement individually. He argues that the Application was "an agreement to agree" because it was signed a month before Plaintiff started his employment and the consideration — employment — was lacking at the time that he completed the Application. These arguments are without merits. The Application does not provide for Plaintiff to agree to an agreement to arbitrate if he were hired. It clearly states what Plaintiff and Defendant agree to with respect to binding arbitration: "I further agree and acknowledge that the Dealership and I will utilize binding arbitration to resolve all disputes that may arise out of the employment context." (Dkt. no. 8-1, Ex. 1.) This agreement was supported by sufficient consideration — the parties' mutual agreement to arbitration. *See Circuit City Stores, Inc. v. Najd*, 294 F.3d 1104 (9thCir. 2002). Plaintiff appears to suggest that the arbitration clause was invalid because it was signed pre-employment during the application process. However, that Plaintiff had not been hired does not render the agreement to arbitrate invalid. Indeed, one dispute that "may arise out of the employment context" subject to arbitration under the arbitration provision of the Application is a claim for refusal to hire. Even assuming the arbitration agreement in the Application was invalid, the arbitration provision in the Acknowledgment and the Agreement are valid and are supported by adequate consideration — Plaintiff's continued at-will employment. *See Camco, Inc. v. Baker*, 936 P.2d 829 (Nev. 2000).

Plaintiff argues that neither the Acknowledgement nor the Agreement is a "free-standing" document. Both were given to him to sign after he began working for

3

Defendant and he had no knowledge before he started his employment that he would be required to sign an arbitration agreement. However, the Application clearly placed Plaintiff on notice that he and Defendant "will utilize binding arbitration." (Dkt. no. 8-1, Ex.1.) Moreover, the Acknowledgement and the Agreement each contain the same arbitration provision, stating that the parties agree that claims "related to, or having any relationship or connection whatsoever with [Plaintiff's] seeking employment with, employment by, or other association with" Defendant be submitted to binding arbitration. (*Id.*,Exs. 2, 3.) The page numbers of these documents and the fact that they may have been part of a package of documents are of no significance given the clear comprehensive arbitration provision contained in each document that Plaintiff signed.

### B.   Unconscionability

Because Plaintiff is challenging the enforceability of the arbitration agreements, he bears the burden of establishing that the agreements are procedurally and substantially unconscionable. *L&M Creations v. CRC Information Sys.*, 2:10-cv-00685-GMN-GWF, 2011 WL 1103636, at *6 (D. Nev. Mar. 23, 2011); *D.R. Horton, Inc. v. Green,* 96 P.3d 1159, 1162 (Nev. 2004). Under Nevada law, a "clause is procedurally unconscionable when a party lacks a meaningful opportunity to agree to the clause terms either because of unequal bargaining power, as in an adhesion contract, or because the clause and its effects are not readily ascertainable upon a review of the contract." *D.R. Horton*, 96 P.3d at 1162. Examples of procedural unconscionability include "the use of fine print or complicated, incomplete or misleading language that fails to inform a reasonable person of the contractual language's consequences." *Id.* A determination of substantive unconscionability "focuses on the one-sidedness of the contract terms" and whether the terms are "oppressive." *Id.* (citing *Ting v. AT&T*, 319 F.3d 1126, 1149 (9th Cir. 2003), *cert. denied*, 540 U.S. 811 (2003); *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 893 (9th Cir. 2002)); *Gonski*, 245 P.3d at 1169. Nevada applies a sliding scale: "a strong showing of procedural unconscionability meant that a

///

less substantive unconscionability was required;" "[t]he reverse is also true." *Gonski*, 245 P.3d at 1169 (*citing D.R. Horton*, 96 P.3d at 1162).

In support of his contention that the agreements are procedurally unconscionable, Plaintiff argues that the arbitration clause in the Application is printed in normal-sized font and is among identically formatted paragraphs and the Acknowledgment and the Agreement were buried in a stack of other documents and did not draw Plaintiff's attention to their significance. These arguments are unpersuasive. The Application's document title, which is in larger font and is underlined, clearly states: "Applicant's Statement & Agreement." (Dkt. no. 8-1, Ex. 1.) It consists of a single page and nine paragraphs, with the longest paragraph addressing the arbitration agreement. The paragraph immediately above the signature warns the applicant, in larger font, not to sign until he has read the document. There is nothing hidden or even inconspicuous about the arbitration clause in the Application. As for the Acknowledgment and the Agreement, the title of each document should draw the attention of the reader to its significance. In fact, the Agreement is titled "Comprehensive Agreement Employment At-Will And Arbitration." Both documents contain warnings in larger font that Plaintiff, by signing each, acknowledges that he read and understands each document and that he is agreeing to binding arbitration. (*See id.*, Exs. 2, 3.) The volume of the documents presented to Plaintiff to sign does not support Plaintiff's contention that these documents were hidden in a stack of other documents. The stack of documents consisted of 10 pages total. The Acknowledgment is only one page in length while the Agreement comprised the last two pages (pages 9-10) of the package. (Dkt. no. 8-1, Exs. 2-3; dkt. no. 12-1.) The Agreement also contains an added provision informing Plaintiff that the arbitration covers claims of discrimination and harassment under Title VII and gives him the option of waiving "the benefits of arbitration of Title VII claims." (Dkt. no. 8-1, Ex. 3.) Plaintiff did not check the box to elect to opt out of participation in arbitration.

///

To establish substantive unconscionability, Plaintiff argues that the agreements are silent on the issue of the cost of arbitration, failed to inform Plaintiff that he was waiving all his statutory and common law rights under Nevada law governing employment and discrimination, and required binding arbitration. However, as the Nevada Supreme Court noted in *D.R. Horton*, "an arbitration agreement's silence regarding potentially significant arbitration costs does not, alone, render the agreement unenforceable" although the "existence of large arbitration costs could preclude a litigant . . . from effectively vindicating her . . . rights in the arbitral forum." *D.R. Horton*, 96 P.3d at 1165. Plaintiff has not established that the arbitration costs in this case would prevent him from vindicating his rights. The arbitration clauses in the Application, Acknowledgment and Agreement contain the identical phrase as to the disputes that are covered: "including, but not limited to, any claims of discrimination and harassment, whether they be based on the Nevada Fair Employment Practices Act, Title VII of the Civil Rights Act of 1964, as amended, or any other state or federal law or regulations . . . . . " (Dkt. no. 8-1, Exs. 1-3.) Plaintiff's claim that he was not informed that he was waiving all rights under Nevada law is not supported by the records, nor does the requirement that arbitration be binding render the agreement substantively unconscionable.

While Plaintiff may not have equal bargaining power as Defendant, the arbitration clauses are not one-sided like clauses that have been found to be substantively unconscionable. *See, e.g.*, *Circuit City Stores, Inc.*, 279 F.3d at 894 (finding arbitration agreement lacked "modicum of bilaterality" because it imposes obligation to arbitrate only on claims by employees.) The arbitration agreements here impose mutual obligations on both Plaintiff and Defendant to agree to arbitrate their employment disputes and to agree to binding arbitration. Moreover, the agreements do not contain terms that limit Plaintiff's claims or remedies.

///

///

6

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determined that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Defendant's Motion to Compel Arbitration (dkt. no. 8) is granted. This case is stayed pending arbitration. The Clerk is directed to administratively close this case.

DATED THIS 26th day of November 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE